UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

BAILEY, WAYNE  (L4SSN: 1320),　　　　　　　　* Chapter 13
Debtor (s)　　　　　　　　　　　　　　　　　　* Case No. 16-40477

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum **of $600.00 monthly**.
2. From the payments so received, the trustee shall make disbursements as follows:
(a) The trustee percentage fee as set by the United States Trustee.
(b) The monthly payments will be made on the following **LONG-TERM DEBTS:** (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT |
|---|---|---|

(c) Preconfirmation **ADEQUATE PROTECTION** payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **PNC Bank** | **$90.00** |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred **WITHIN 910 DAYS** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred **within one year** of filing. See § 1325(a) {Allocations are "monthly".}

| CREDITOR | BALANCE | INTEREST | COLLATERAL | ALLOCATION |
|---|---|---|---|---|

(e) After confirmation, **SECURED CREDITORS** with allowed claims will be paid monthly as follows:

| CREDITOR | BALANCE | VALUE | INTEREST | COLLATERAL | ALLOCATION |
|---|---|---|---|---|---|
| **PNC Bank** | **$27,460.00** | **$21,300.00** | **4.50%** | **'13 Nissan (52M+)** | **$420.00** |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) at $175/hour to be paid as follows: Pursuant to the Administrative Order of January 20, 2011.

(g) After the above are paid, distributions will be made to **CURE ARREARAGES** and other secured debts whose claims are duly proven and allowed as follows

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | ESTIMATED PAYMENT |
|---|---|---|---|---|---|

(h) The following collateral is **SURRENDERED** to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|

(i) The following **DOMESTIC SUPPORT** obligations will be paid over the life of the plan (unless otherwise specified below). Arrearages made through the Trustee will be made simultaneously with payment of the secured debt to the extent funds are available at 0% interest. If Debtor's child support obligation for current support is proposed to be paid outside of the terms of this Plan, through a child support agency, said agency is authorized to utilize any mechanism authorized by law, including, but not limited to, those mechanisms detailed in 11 U.S.C. § 362(b)(2) to collect or to review and modify any child support obligation.

| NAME OF CREDITOR | CURRENT PAYMENT |
|---|---|

(j) The following claims are **CLASSIFIED** to be paid at 100%, unless otherwise specified below. These payments will not be made simultaneously with payment of the secured debt: _____

(k) All other 11 U.S.C. § 507 **PRIORITY** claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law. {$_____ to IRS @ $_____/month}  {$_____ to GA Rev @ $_____/month}.

(l) The debtor(s) will be the **DISBURSING** agent on the following debts: **(1) All post-petition residential mortgage payments to Wells Fargo. (2) All post-petition rental property (3431 Ruben Street) mortgage payments to Ditech. (3) All post-petition rental property (2314 3rd Avenue) mortgage payments to Chase. (4) $300.00 to SYNCB/Lane Furniture for living room furniture to be paid off prior to first 341 hearing.**

(m) Special provisions:(1) "Long Term" debt shown in paragraph 2(b) and debts shown in paragraph 2(l) above shall retain the lien securing such claim until the completion of the payment of the underlying debt as determined under non bankruptcy law. Any other allowed secured claim provided for by this plan shall retain the lien securing such claim: However, within thirty (30) days of either; (a)completion of the payment of the underlying debt as determined under nonbankruptcy law, or (b)discharge from bankruptcy {whichever shall occur first}, the holder (with the exception of the holder(s) of federal and state tax lien(s)) of such claim shall release its lien and return any title documents to the owner as listed on the Certificate of Title (unless there is a joint "Owner" on the Certificate of Title who is not protected under the bankruptcy) with the lien satisfied. {Including, any secured debt on any vehicle or mobile home.}

   (2) Collateral being paid for by the debtor does not revest upon confirmation.
   (3) Debtor will not protect any CO-SIGNERS on any debts unless otherwise specified above.

Z:\BNK-PLANS\BNK-PLANS\Bailey,Wayne.Ch13pln.wpd

    (4) To the extent allowed under 11 USC §522(f), upon discharge, all non-possessory liens and/or judicial liens {except those for domestic support obligations under 11 USC §523(a)(5)} will be avoided, and all Creditors shall cancel said lien(s) of record within fifteen (15) days of notice of discharge. These Creditors shall include, but are not limited to the following:

    **JUDGMENTS:** _____

    **NPHGS:** _____

    (5) No student loans will be paid through the bankruptcy unless otherwise specified herein.

    (6) PAYROLL DEDUCTION has already been requested from: United Technologies.

    (7) Debtor proposes to **reject** the following executory contract(s): _____.

    (8) Debtor proposes to **assume** the following executory contract(s): _____.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtor will pay all of his disposable income as shown on Form B22C of 100% to the non priority unsecured creditors in order to be eligible for a discharge. {cmi}

    (ii) If the debtor filed a Chapter 7 case, the unsecured creditors would receive $10,044.00. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge. {unex} {rental property}

    (iii) The debtor will pay 100% to the general unsecured creditors to be distributed prorata. {lux/inc/stu/other} {inc}

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    (i) $_____ as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (ii) The debtor(s) will make payments for 60 months and anticipates a dividend of 100%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

BNK-ALL CREDITORS CERTIFICATE OF SERVICE: This is to certify that I have this day served all creditors, the standing Trustee, and the U.S. Trustee, as more specifically shown on the attached list of creditors, with a copy of the foregoing matters by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon by hand-delivery or by electronic notice.

Date 7-1-16

    _/s/ Charles R. Hunt_
    Charles R. Hunt, Atty for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842 ☎ Fax Available on Request PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com
END OF DOCUMENT

Z:\BNK-PLANS\BNK-PLANS\Bailey,Wayne.Ch13pln.wpd

| | | |
|---|---|---|
| BANK OF AMERICA<br>PO BOX 982235<br>EL PASO TX 79998 | CHAPTER 13 TRUSTEE<br>PO BOX 1907<br>COLUMBUS GA 31902 | CHASE CARD<br>PO BOX 15548<br>WILMINGTON DE 19886 |
| CHASE MANHATTAN MORTGAGE<br>3415 VISION DR.<br>COLUMBUS OH 43219-6009 | COLUMBUS BANK & TRUST<br>PO BOX 120<br>COLUMBUS GA 31902 | DITECH<br>BANKRUPTCY DEPT<br>PO BOX 6154<br>RAPID CITY SD 57709-6154 |
| ERICKA BERK<br>3500 SWEETWATER RD #423<br>DULUTH GA 30096 | GA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS-BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3205 | IRS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| KENNETH HOLLIS<br>3020 MELROSE DR<br>COLUMBUS GA 31906 | MEDIACOM COMMUNICATIONS<br>CORPORATION<br>ATTN: BANKRUPTCY DEPT.<br>1 MEDIACOM WAY<br>MEDIACOM PARK NY 10918 | MILITARY STAR CARD<br>3911 S WALTON WALKER BLVD<br>DALLAS TX 75236 |
| NATIONAL COLLEGE TRUST<br>PO BOX 2461<br>HARRISBERG PA 17105 | PENTAGON FEDERAL CREDIT UNION<br>PO BOX 1432<br>ALEXANDRIA VA 22313 | PNC BANK<br>PO BOX 2155<br>ROCKY MOUNT NC 27802-2155 |
| REGIONS BANK<br>BANKRUPTCY DEPARTMENT<br>PO BOX 11007<br>BIRMINGHAM AL 35288 | SYNCB/LANE FURNITURE<br>PO BOX 965036<br>ORLANDO FL 32896 | U.S. TRUSTEE<br>440 MARTIN LUTHER KING JR BLVD<br>SUITE 302<br>MACON GA 31201 |
| UNITED STATES ATTORNEY GENERAL<br>950 PENNSLYVANIA AVE NW<br>WASHINGTON DC 20530-0001 | UNITED STATES ATTORNEYS OFFICE<br>PO BOX 1702<br>MACON GA 31202 | VERIZON<br>C/O CONVERGENT OUTSOURCING, INC<br>PO BOX 9004<br>RENTON WA 98057-9004 |
| VERIZON WIRELESS<br>1 VERIZON PL<br>ALPHARETTA GA 30004 | WAYNE BAILEY<br>7128 W WYNFIELD LOOP<br>MIDLAND GA 31820 | WELLS FARGO HOME MORTGAGE<br>8480 STAGECOACH CIRCLE<br>FREDERICK MD 21701 |